## HARDY v. MUTUAL BEN. HEALTH & ACCIDENT ASS'N.

### No. 756.

District Court, S. W. D. Missouri, W. D.
Oct. 4, 1940.

Ray Bond, of Joplin, Mo., for plaintiff.
Robert E. Seiler, of Joplin, Mo., for defendant.

REEVES, District Judge.

The pleadings in this case make an issue wholly of law as there is no dispute on the facts. The plaintiff is the beneficiary under a contract of insurance issued by the defendant upon the life of Dr. John Walter Hardy, the husband of the plaintiff.

All premiums or assessments were paid up to the time of the death of the insured. The policy provided for the payment of specified benefits in the event of accidental death. Admittedly this occurred by the overturning of the insured's automobile on the 10th day of April, 1936.

However, there was a provision in defendant's policy to the effect that the amount of benefits promised upon the contingency insured against would be limited if the assured carried other insurance upon the same contingency and had failed to notify the defendant in writing of such fact. Admittedly other insurance amounted to a sum of money which according to the computation provided in the policy would, if the clause be effective, reduce the amount of the insurance to $1,315.75 with an additional amount representing the refund of premiums in the sum of $19.89.

The plaintiff admits the terms of the policy but invokes the provisions of Section 5768, R.S.Mo.1929, Mo.St.Ann. § 5768, p. 4416. This section provides: "Every policy hereafter issued by any corporation, company or association doing business under the provisions of this article and promising any payments to be made upon a contingency provided for in this article, shall specify the sum of money which it

promises to pay upon each contingency insured against."

According to the pleadings, the defendant is a corporation of the state of Nebraska, but licensed to carry on its appropriate business as a carrier of insurance under a code of laws of Missouri, known as "Insurance On The Stipulated Premium Plan." This plan is provided by Article 4, Chapter 37, § 5759 et seq., R.S.Mo.1929, Mo.St.Ann. § 5759 et seq., p. 4412 et seq. Under the provision of said Article, and particularly Section 5779 thereof, Mo.St. Ann. § 5779, p. 4421, corporations formed under the laws of other states may be licensed to do business in Missouri upon complying with the provisions of the statutes. The law with reference to this plan of insurance provides (Section 5764, Mo. St.Ann. § 5764, p. 4414) for an emergency fund. The purpose of this fund is to pay current mortuary claims. The statute provides that: "If by any reason of excessive mortality, or other cause, the emergency fund as thus constituted shall become exhausted, then the superintendent of insurance shall require the officers of such corporation, company or association to notify all policyholders on or before the first of the next succeeding month to pay, within thirty days from the mailing of such notice, an extra premium, sufficient to meet the amount of the maximum policy issued apportioned equitably."

Because of this and other provisions of the statutes with respect to that plan of insurance, the legislature made the requirement of said Section 5768 to the effect that the company "shall specify the sum of money which it promises to pay" in its policy. It is the contention of the defendant that by this requirement the amount to be specified does not invalidate the clause which provides for a computation of a lesser amount than that named on the face of the policy.

Other facts and references will be stated and made if necessary in the course of this memorandum opinion.

1. The courts have given the word "specify" the following interpretation: "'Specify' means to point out, to particularize, or to designate by words one thing from another." 39 Words and Phrases, Perm.Ed., p. 784.

The same word used in the past tense in a statute has been construed as follows:

"'Specified,' as used in a statute requiring the party to swear that a mortgage is made to secure the debt specified in the condition, means, according to Webster, 'specially named.'

"The intention of the act must have been to require that the debts designed to be secured should be specifically named, so that those who have occasion to consult the record may be able to ascertain the debt and amount of the demands designed to be secured." 39 Words and Phrases, Perm.Ed., p. 782.

2. It is permissible because of the analogy to refer to other sections of the law governing similar plans of insurance: The law governing assessment insurance is covered by Article 3, § 5745 et seq., of said Chapter 37, R.S.Mo.1929, Mo.St. Ann. § 5745 et seq., p. 4398 et seq. Section 5747 of said Article, Mo.St.Ann. § 5747, p. 4401, requires that: "Every policy or certificate hereafter issued by any corporation of this state doing business in conformity with the provisions of this article, and promising a payment to be made upon a contingency of death, sickness, disability or accident, shall specify the exact sum of money which it promises to pay upon each contingency insured against."

Fraternal beneficiary insurance is provided for by Article 13, § 5990 et seq., of said Chapter 37, Mo.St.Ann. § 5990 et seq., p. 4563 et seq. Section 5997 of said article, Mo.St.Ann § 5997, p. 4569, provides in part as follows: "Every certificate issued by any such society shall specify the amount of benefit provided thereby."

A careful reading of the several statutes covering assessment insurance, stipulated premium insurance and fraternal beneficiary insurance reveals a close kinship between such plans.

While assessment insurance provides for only one plan, that is to say, the collection of benefits by assessment after the loss occurs, yet both the stipulated premium companies and the fraternal beneficiary associations are permitted to accumulate funds in advance, but always with the statutory right as well as the specific contract right to levy additional assessments in case of emergencies. The exercise of such power, and particularly since it must be done in the case of stipulated

premium companies under the authority and direction of the superintendent of insurance, demands that the amount of the obligations be indicated on the face of the policies.

Fraternal benefit associations are now permitted under the statute to issue limited payment life policies and other forms of insurance carrying reserves precisely in the manner followed by stipulated premium companies or associations. In view of this, decisions applicable to fraternal beneficiary as well as assessment companies become helpful in ascertaining the law applicable to companies of the character of the one at bar.

3. It would be difficult to point out a distinction between the three provisions covering the three different plans of insurance relating to the amount specified in the policy. The assessment provision is that it "shall specify the exact sum of money." The stipulated premium plan says it "shall specify the sum of money." The fraternal beneficiary plan says that it "shall specify the amount of benefit provided thereby."

The adjective "exact" used in the assessment plan could not possibly be construed as requiring a different meaning as to the amount promised. In each case it must be the exact amount, for the word "specify" would not permit a general or a confused statement.

Whatever may be said about some confusion in the opinion of the St. Louis Court of Appeals in McPike v. Supreme Ruling of the Fraternal Mystic Circle, 187 Mo.App. 679, yet, at page 686, 173 S.W. 71, at page 73, the court quite definitely said that: "In this view the certificate in suit must be regarded as a life insurance policy as if issued on the stipulated premium plan, and, according to the statute, reveal the amount of the sum insured in the policy, for such is the requirement of the statute with respect to policies of life insurance of that character."

In like manner the court ruled in Parker v. Sovereign Camp of Woodmen of the World, Mo.App., 196 S.W. 424. Its reference to the assessment features of a fraternal beneficiary society was entirely justified in construing the requirement that the amount to be paid should be specified in the face of the policy.

The words must have had a purpose and a function to perform. It was not the intention of the legislature to put meaningless words in the statute. If the defendant could make the words void by its contract, then such provision would be mere surplusage.

4. Aside from the repeated rulings of the court that a provision of the character contained in defendant's policy limiting the amount of the insurance is void, when applied to the plan of insurance involved here, the further question obtrudes itself as to whether the provision is applicable at all.

Under the authorities the other insurance carried by the deceased differed materially from that provided by the defendant. It is unnecessary, however, to discuss this phase of the case as under all the authorities the clause in the contract is void and the plaintiff is entitled to recover the full amount indicated on the face of the policy.